**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

ANTONIO HARRIS,

                Petitioner - Appellant,

  v.

T. FELKER,

                Respondent - Appellee.

No. 09-15884

D.C. No. 3:07-cv-02084-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted February 16, 2012
San Francisco, California

Before: GRABER, BERZON, and TALLMAN, Circuit Judges.

Petitioner-appellant Antonio Harris appeals the district court's denial of his

28 U.S.C. § 2254 habeas petition challenging his California conviction for first-

degree murder with a robbery-murder special circumstance, Cal. Penal Code

§ 190.2(d). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Harris claims that his constitutional right to present a complete defense to the special circumstance allegation was violated by the trial court's denial of his severance motion and exclusion of two of his three pretrial statements to the police.[1] The exclusion of Harris's first two statements to the police did not result in prejudice great enough to render the trial "fundamentally unfair." *See Grisby v. Blodgett*, 130 F.3d 365, 370 (9th Cir. 1997). Contrary to Harris's assertion, nothing in the third statement suggests that Harris was the shooter or implies that Harris knew that co-defendant Eric Lockhart was armed.[2]

Even if there were error, the trial court's decision to try Harris and Lockhart jointly and admit only Harris's third statement did not have a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Pulido v. Chrones,* 629 F.3d 1007, 1011 (9th Cir. 2010) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 623 (1993)), *cert. denied*, 132 S. Ct. 338 (2011). The excluded statements

---

[1] We do not decide whether Harris alleges a violation of clearly established Supreme Court law, as required to obtain habeas relief under § 2254(d), because the issue has not been raised, and, regardless, Harris's claim fails on the merits.

[2] Harris also appears to argue that the trial court's admission of his third statement was itself improper because, as the State concedes, the sole purpose of the interview was to preserve Harris's confession without implicating Lockhart. However, the Supreme Court has never held that such interview tactics are unconstitutional, and Harris has provided nothing to suggest that his third statement was not knowing and voluntary.

would not have provided an adequate defense to the special circumstance allegation. If anything, they actually would have supported the finding of guilt. There was sufficient evidence in the record as a whole to justify the jury's verdict, and the admission of Harris's other two statements would not have altered the result.

**AFFIRMED.**